UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES                                    CRIMINAL ACTION

VERSUS                                           NO. 14-250

RICHARD WILLIAMS                                 SECTION: "G"(1)

## ORDER AND REASONS

Before the Court is Defendant Richard Williams's ("Williams") "Motion to Suppress."[1]

Having considered the pending motion, the memoranda in support, the memoranda in opposition,

the record testimony and the applicable law, the Court will deny as moot in part and deny in part the

pending motion.

## I. Background

On November 7, 2014, a grand jury indicted Williams and co-defendant Herbert Cooper

("Cooper") in a three-count indictment.[2] Count One charges Williams and Cooper with conspiracy

to distribute and possess with intent to distribute 28 grams or more of a mixture or substance

containing a detectable amount of cocaine base.[3] Count Two charges Williams with distribution of

28 grams or more of a mixture or substance containing a detectable amount of cocaine base.[4] Count

Three charges Cooper with possession with intent to distribute 28 grams or more of a mixture or

substance containing a detectable amount of cocaine base.[5]    On June 3, 2015, the Government filed

---

[1] Rec. Doc. 58.

[2] Rec. Doc. 21.

[3] *Id.* at 1.

[4] *Id.* at 2.

[5] *Id.*

a "Bill of Information to Establish Prior Conviction" alleging that on or about April 2, 2009, in the Southern District of Alabama, Williams was convicted of possession with intent to distribute MDMA (Ecstasy) and sentenced to 87 months imprisonment.[6]

On August 21, 2015, Williams filed the instant motion to suppress.[7] The Government filed its opposition on August 28, 2015.[8] On September 10, 2015, following the filing of the instant motion, co-defendant Herbert Cooper pled guilty to Count One of the Indictment.[9] On September 10, 2015, counsel for both Williams and the Government jointly moved for a continuance of the hearing scheduled on the pending motion.[10] On October 9, 2015, Williams filed a "Notice of Partial Withdrawal of Motion to Suppress" withdrawing his argument that he was not properly given a *Miranda* warning before making a statement to the police.[11] The Court granted the parties' motion to continue hearing,[12] and heard oral argument on the motion on October 13, 2015. At oral argument, the Government stipulated that it did not intend to introduce evidence of Williams's alleged statement that he wanted to be removed from the side of the road quickly so that his wife would not see him.

---

[6] Rec. Doc. 52.

[7] Rec. Doc. 80.

[8] Rec. Doc. 83.

[9] Rec. Doc. 103.

[10] Rec. Doc. 107.

[11] Rec. Doc. 118.

[12] *Id.*

## II. Parties' Arguments

### A. Williams's "Motion to Suppress"

Williams urges the Court to suppress alleged statements made by him and Cooper to DEA

Special Agent Chad Scott ("Scott").[13] Williams asserts that the statements must be suppressed

because: (1) they unfairly prejudice Williams and will confuse the jury; (2) Williams was not given

a *Miranda* warning; (3) Cooper's statements violate Williams' 6th Amendment right to confront his

accuser; and (4) Cooper's statements are hearsay.[14]

Williams notes that in the criminal complaint dated October 27, 2014, Scott avers that:

> . . . Cooper was placed under arrest and advised of his Miranda Warnings by Special
> Agent Chad Scott. Cooper indicated his willingness to cooperate and stated that he
> had obtained the crack cocaine from WILLIAMS. COOPER stated that he was going
> to meet with WILLIAMS following the transaction to pay for the crack cocaine he
> sold to the CS . . . .
> Agents stopped WILLIAM's [sic] vehicle and placed WILLIAMS under arrest.
> Special Agent Scott traveled to the area where WILLIAMS was arrested and advised
> WILLIAMS of his Miranda Warnings. Special Agent Scott asked WILLIAMS if he
> wanted to cooperate. WILLIAMS stated that he was just released from federal
> prison. WILLIAMS further stated, "Four ounces of hard, I know I am through."
> Williams further stated that he "was going to lay it down" and go and do his time.[15]

Williams asserts that his statements should be suppressed pursuant to Federal Rule of

Evidence 403 because their probative value is substantially outweighed by a danger of unfair

prejudice and confusion.[16] Williams asserts that his alleged statements to Scott—"four ounces of

hard, I know I am through" and  that he "was going to lay it down" and do his time—lack probative

---

[13] Rec. Doc. 80 at 1.

[14] *Id.*

[15] Rec. Doc. 80-1 at 2 (citing Rec. Doc. 1 at 2–3).

[16] *Id.*

value because they are vague and ambiguous.[17] Further, Williams contends that the statements would confuse the jury and force them to interpret the meaning of "slang" words.[18] He argues that the jury "should not be forced to guess at the meaning of these words."[19]

Next, Williams asserts that he was not given a *Miranda* warning before making the statements.[20] Even assuming that he was given a *Miranda* warning, Williams contends that he "never voluntarily, knowingly and intelligently waived those rights."[21] However, on October 9, 2015, Williams filed a "Notice of Partial Withdrawal of Motion to Suppress" withdrawing his argument that he was not properly given a *Miranda* warning before making a statement to Scott.[22] Accordingly, that argument is no longer before the Court.

Williams also urges the Court to suppress Cooper's alleged statements.[23] Assuming that Cooper exercises his 5th Amendment right and refuses to testify at trial, Williams asserts that Cooper's alleged statements to Scott—Cooper stated that he had obtained the crack cocaine from Williams and that he was going to meet with Williams following the transaction to pay for the crack cocaine he sold to the CS—must be suppressed because they violate Williams's 6th Amendment right to confront Cooper over those accusations.[24]

---

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.* at 3.

[21] *Id.* at 4.

[22] Rec. Doc. 118.

[23] *Id.*

[24] *Id.*

Finally, Williams argues that Cooper's statements to Scott must be suppressed because they are hearsay.[25] Williams asserts that "Cooper's statements to Scott were out of court statements that the Government will attempt to offer into evidence to prove that Williams sold the controlled substances to Cooper."[26] He argues that "the statements are not statements against interest or party admissions under Federal Rule of Evidence 801(d)(2) or 804(b)(3) because the statements were made solely by Cooper in his own capacity, relate solely to Williams, and do not expose Cooper to criminal responsibility."[27]

### B. The Government's Opposition

The Government argues that Williams's statements are not vague and will not confuse the jury. It contends that "Williams's statements, when placed in context, present compelling evidence of Williams's knowledge and intent, which are central to the government's burden of proof in this case."[28] The Government argues that the probative value of Williams's admissions is significant "[b]ecause by pleading not guilty to the indictment, Williams squarely places his knowledge and intent at issue."[29] According to the Government, at the time that Williams made the statement "four ounces of hard, I know I'm through," law enforcement agents had not informed Williams of the amount of drugs seized from Cooper or that the drugs seized were crack cocaine.[30] The Government

---

[25] *Id.* at 5.

[26] *Id.*

[27] *Id.*

[28] Rec. Doc. 83 at 11.

[29] *Id.*

[30] *Id.* at 12.

asserts that this statement is powerful evidence of Williams's role as Cooper's supplier.[31] Moreover, the Government contends that Williams's statement that he was going to "lay it down" and do his time evidences his "consciousness of guilt."[32] Accordingly, the Government asserts that the prejudicial effect of these statements does not substantially outweigh their probative value.[33]

According to the Government, Williams's statement that he was not properly *Mirandized* is false.[34] The Government contends that Williams knowingly and voluntarily waived his *Miranda* rights before making the incriminating statements.[35] As noted above, Williams has withdrawn this argument.

The Government agrees with Williams's assertion that if Cooper and Williams are tried jointly and Cooper declines to testify, Cooper's statement directly implicating Williams would be inadmissible.[36] However, the Government seeks to have a redacted version of Cooper's statement, removing direct reference to Williams, admitted into evidence, along with a limiting instruction that the jury is only permitted to consider that evidence in weighing the case against Cooper.[37] Further, the Government contends that Cooper's statements, if redacted, are non-hearsay admission by a party-opponent pursuant to Federal Rule of Evidence 801(d)(2)(A).[38] Again, as noted above, Cooper

---

[31] *Id.*

[32] *Id.*

[33] *Id.*

[34] *Id.* at 13.

[35] *Id.*

[36] *Id.*

[37] *Id.* 13–14 (citing *Bruton v. United States*, 391 U.S. 123 (1968); *Richardson v. Marsh*, 481 U.S. 200, 206 (1987)).

[38] *Id.* at 16.

pled guilty to Count One of the Indictment and is, therefore, expected to testify at trial and this issue is moot.

### C. Williams's "Supplemental Memorandum in Support of Motion to Suppress"

According to Williams, on August 27, 2015, the Government notified counsel that: "(1) law enforcement drove co-defendant Herbert Cooper ('Cooper') 'to the area where a separate team of agents had stopped Williams' and that '[w]hile sitting in an unmarked law enforcement vehicle, Cooper positively identified Williams as the individual who provided him the cocaine;' and (2) 'Williams also stated on the scene of his arrest that he wanted to be removed from the side of the road quickly so that his wife would not drive by and see that he had been arrested.'"[39]

Williams asserts that this evidence should be suppressed for the same reasons stated in his motion.[40] Further, Williams argues that the evidence should be suppressed because it was provided 10 months after he was initially arrested, "is hearsay, is not contained in the DEA's Report of Investigation ('RoI'), is contradicted by the DEA's RoI, lacks probative value, and would be unfairly prejudicial to Williams."[41]

Williams asserts that Cooper's alleged identification and Williams's alleged statement are hearsay.[42] He notes that the Government did not identify the NOPD Officers or DEA agents that drove Cooper to the area and heard Cooper make the positive identification.[43] Further, Williams contends that he is "not even married and his girlfriend is a school teacher on the West Bank in

---

[39] Rec. Doc. 96 at 1.

[40] *Id.*

[41] *Id.* at 2.

[42] *Id.*

[43] *Id.*

Algiers and could not possibly be driving in Gentilly on the East Bank at the time of the arrest, 2:39

P.M. because school on the West Bank did not let out until 3:00 P.M."[44] Finally, Williams asserts

that the alleged statement "lacks any probative value whatsoever and would be unfairly prejudicial"

to him.[45] At oral argument, the Government stated that it did not intend to introduce evidence of

Williams's alleged statement that he wanted to be removed from the side of the road quickly so that

his wife would not see him.

### D. The Government's Response to Williams's Supplemental Memorandum

The Government asserts that Cooper's statement identifying Williams as a person who sold

him cocaine is admissible under Federal Rule of Evidence 801(d)(1)(c), which permits out-of-court

statements of identification of a person if the declarant is subject to cross-examination.[46] The

Government contends that it expects Cooper to testify at trial.[47] It also asserts that Williams's

statements are admissible as statements made by a party-opponent pursuant to Federal Rule of

Evidence 801(d)(2)(A).[48]

The Government asserts that the DEA's investigation report does indicate that Cooper

"stated that he had obtained crack cocaine from Williams."[49] According to the Government, this

report was disclosed to Williams on November 24, 2014.[50] It contends that "[t]he detail missing from

---

[44] *Id.*

[45] *Id.*

[46] Rec. Doc. 102 at 1.

[47] *Id.* at 2.

[48] *Id.*

[49] *Id.*

[50] *Id.*

the report is how the identification actually occurred, which does not diminish the fact that the identification took place."[51] Moreover, the Government notes that it originally did not anticipate that Cooper would testify, but now the Government anticipates that Cooper will testify at trial because he pled guilty.[52] Finally, the Government argues that the probative value of the statement is not substantially outweighed by its prejudicial nature.[53]

## III. Law and Analysis

### A. Williams's Alleged Statements to the Police

Williams argues that his alleged statements to the police—"four ounces of hard, I know I am through" and that he "was going to lay it down" and do his time—should be suppressed because their probative value is substantially outweighed by a danger of unfair prejudice and confusion. The Government argues that Williams's statements are not vague and will not confuse the jury.

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Federal Rule of Evidence 402 relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise, and irrelevant evidence is not admissible. Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

---

[51] *Id.*

[52] *Id.* at 3.

[53] *Id.*

presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of evidence under

Rule 403 should occur only sparingly[.]"[54] "Relevant evidence is inherently prejudicial; but it is only

unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant

matter under Rule 403."[55] Federal Rule of Evidence 801(d)(2)(A) provides that a statement is not

hearsay if it "is offered against an opposing party and . . . was made by the party in an individual or

representative capacity."

Williams's alleged statements to Scott of "four ounces of hard, I know I am through" and

that he "was going to lay it down" and do his time are somewhat vague. However, when placed in

context, the statements are highly probative of his knowledge of the criminal activity and his intent.

At oral argument, counsel for Williams raised several issues regarding the reliability of the DEA

report completed by Scott. However, the testimony of Scott will be subject to cross-examination,

and counsel for Williams will be able to question Scott regarding Williams's alleged statements and

the reliability of the report. Accordingly, the Court will deny Williams's motion to suppress the

alleged statements because it finds that the probative value of this evidence is not substantially

outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting

time, or needlessly presenting cumulative evidence.

## B. Williams's Alleged Statement to the Police Regarding His "Wife"

In his supplemental briefing, Williams also asserts that the Court should suppress his alleged

statement that he wanted to be removed from the side of the road quickly so that his wife would not

---

[54] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[55] *Id.* at 1115-16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862 (1979)).

drive by and see that he had been arrested.[56] At oral argument, the Government stated that it did not intend to illicit evidence of this statement at trial. Accordingly, the Court will deny Williams's motion as to this issue because it is now moot.

### C. Cooper's Alleged Statements to the Police

Williams asserts that Cooper's alleged statements to Scott that he obtained the crack cocaine from Williams and that he was going to meet with Williams following the transaction to pay for the crack cocaine he sold to the CS must be suppressed because they violate Williams's 6th Amendment right to confront Cooper over those accusations. Williams also argues that Cooper's statements to Scott must be suppressed because they are hearsay. The Government agrees with Williams's assertion that if Cooper declines to testify, Cooper's statement directly implicating Williams would be inadmissible. However, following the submission of the parties briefing, Cooper pled guilty to Count One of the Indictment, and the Government now intends to call Cooper as a witness at Williams's trial. At oral argument, counsel for Williams conceded that, if called to testify, Cooper would be able to testify to the statements he made to the police identifying Williams.

If called to testify at trial, Cooper's alleged statements to the police would not be hearsay pursuant to Federal Rule of Evidence 801(d)(1)(C), which permits the introduction of out-of-court statements where "[t]he declarant testifies and is subject to cross-examination about a prior statement, and the statement . . . identifies a person as someone the declarant perceived earlier." At this time, the Government intends to call Cooper as a witness at trial, and Cooper will be able to testify as to his statements to the police. Accordingly, the Court will deny Williams's motion as to

---

[56] Rec. Doc. 96.

this issue because it is now moot. If Cooper does not testify at trial, the Court will allow Williams to raise any Confrontation Clause issues at that time.

### IV. Conclusion

Based on the foregoing,

**IT IS HEREBY ORDERED** that Defendant Richard Williams's "Motion to Suppress"[57] is **DENIED AS MOOT** to the extent it urges the Court to suppress: (1) the alleged statement Williams made to the police that he wanted to be removed from the side of the road quickly so that his wife would not drive by and see that he had been arrested; and (2) the alleged statements Cooper made to the police.

**IT IS FURTHER ORDERED** that Defendant Richard Williams's "Motion to Suppress"[58] is **DENIED** to the extent it urges the Court to suppress Williams alleged statements "four ounces of hard, I know I am through" and  that he "was going to lay it down" and do his time.

**NEW ORLEANS, LOUISIANA**, this ____14th____ day of October, 2015.

_____

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[57] Rec. Doc. 80.

[58] Rec. Doc. 80.